KIRKLAND *v.* KIRKLAND.

DIVORCE—ALIMONY—REASONABLENESS OF ALLOWANCE.

An award of $2,500 alimony out of defendant's personalty, on condition that defendant should not be liable to complainant for the support of a daughter whose custody was awarded to the latter, and a further award of $2,000, conditioned upon complainant's releasing her rights of dower in the realty, *held* reasonable and proper.[1]

Appeal from Ingham; Person, J. Submitted October 7, 1896. Decided December 18, 1896.

Bill by Nina R. Kirkland against Joshua K. Kirkland for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*Smith & Lee*, for complainant.

*E. D. Lewis* and *Howard Wiest* (*W. F. Atkinson*, of counsel), for defendant.

MONTGOMERY, J. This is a proceeding for divorce. The complainant filed her bill of complaint, alleging that defendant neglected and refused to provide suitable food for the family, neglected to provide and furnish sufficient help in the house, and exacted of complainant that she perform more labor than she, in her delicate state of health, was able to perform; that for years he habitually used insolent and abusive language towards complainant; that he was habitually profane, and that he accused her of stealing from him. These charges were denied. The case proceeded to hearing upon testimony taken in open court. The circuit judge granted the relief prayed, and awarded alimony in the amount of $2,500 out of the per-

---

[1] The decree for alimony fixed the value of defendant's personalty at $6,000, and the realty at $10,000.

sonalty of defendant, and the further sum of $2,000, conditioned upon complainant's releasing her right of dower in the lands of defendant.    Defendant appeals.

The case is not altogether clear, but, in view of the presumption favoring the conclusion of the circuit judge on a question of fact, where the testimony is so nearly balanced, and where he has had the opportunity of noting the appearance of witnesses on the stand, which is denied us on appeal, we have, after some hesitancy, determined that we should treat the complainant's case as made out by the proofs.

Upon the question of alimony, we feel well satisfied that the circuit judge did not exceed a proper and reasonable allowance to the complainant, under the circumstances.    There was awarded to the complainant the custody and education of the daughter, and the allowance was conditioned that the defendant should not be liable to the complainant for any support she may furnish to the daughter.

The decree will be affirmed.

The other Justices concurred.