BAILEY v. BAILEY.

DIVORCE—EXTREME CRUELTY—SUFFICIENCY OF EVIDENCE.
   Evidence that a husband was in the habit of indulging for a month at a time in fits of sullen silence, during which he would speak to his wife only to call her opprobrious names, and that he habitually committed acts of slovenliness about the house, such as spitting upon the floors, walls, and bed-clothing, and soiling the curtains and floors, is sufficient to justify a decree of divorce on the ground of extreme cruelty. GRANT, C. J., and HOOKER, J., dissenting.

Appeal from Van Buren; Buck, J. Submitted April 20, 1899. Decided September 19; 1899.

Bill by Sina Bailey against William Bailey for a divorce. From a decree for complainant, defendant appeals. Affirmed.

From a decree of divorce and for permanent alimony of $775, defendant appeals. The bill charges extreme cruelty, failure to support, and adultery. The last charge failed, for want of proof. The court granted a divorce on the other two grounds. The parties were married March 5, 1880, and have one child, a boy, 15 years old when this bill was filed, October 23, 1897. He owned 40 acres of land adjoining her father's homestead. He had nothing but this land. Upon this he built a house, and there they lived for a while, and then moved into the village of South Haven, where her parents had already moved. After moving into the village, he still worked his farm, and cooked his own provisions while working there. He was poor, and both worked hard, and were obliged to economize. Domestic affairs did not always run smoothly, and on two or three occasions she left him, and returned to her parents. These matters were, however, amicably arranged, and she returned to his home. Finally she left him, and filed this bill.

*Johnson & Wicksall,* for complainant.

*Lincoln H. Titus* (*William J. Barnard,* of counsel), for defendant.

GRANT, C. J. (*after stating the facts; dissenting*). 1. We cannot concur in the conclusion reached by the circuit judge that defendant failed to support his wife in a manner commensurate with his means. It is fully established that she had at one store, at least, authority to purchase what she wanted on her husband's credit, and that she did so. This is virtually admitted by her. Several bills of goods, purchased at other places, were introduced, and they show the purchase of such things as are common in such a family. Much stress is laid upon the

fact that he did not always furnish sufficient wood for heating and cooking. While he should have been more careful in this regard, we do not think that the testimony on this point makes out a case of failure to support.

2. We also think the record fails to make out a case of extreme cruelty. It is virtually conceded that defendant was a man of good habits. He did not use tobacco or intoxicating liquors. He was industrious and hard-working. He was not addicted to the use of profane or vulgar language. A sister of complainant testified to one instance in which he used a profane expression to his wife one morning when he called her to get up. Complainant does not testify to this, and it is the only specific act of profanity used to her which appears in this record. Complainant's mother testified that defendant had spells when he did not speak either to her or to his wife. She testified: "I never heard him talk back to her, or tell her to shut up, or anything of that kind. I have not heard him swear at her." Defendant was, perhaps, not as clean and neat as he might have been when he came into the house, but this is not extreme cruelty, and I do not think the record shows that he did the uncleanly acts complained of with any view to offend her. No violence or threats are claimed. No habitual use of cruel epithets or language is shown. It is not extreme cruelty for a hard-working man to neglect at times to speak to his wife. Counsel cite *Briggs* v. *Briggs*, 20 Mich. 34, and quote from page 45. There is no conduct in this case to which the language there used is applicable, even upon complainant's own testimony. We think that the testimony of complainant and defendant may, with propriety, be put out of consideration, and the case decided on the other testimony. Outside of complainant's testimony, we find nothing to make a case of extreme cruelty. The court said, in *Cooper* v. *Cooper*, 17 Mich. 210 (97 Am. Dec. 182):

"The law does not permit courts to sever the marriage bond, and to break up households, merely because parties, from unruly tempers or mutual wranglings, live unhap-

pily together.    It requires them to submit to the ordinary
consequences of human infirmities and of unwise selections,
and the misconduct which will form a good ground for a
legal separation must be very serious, and such as amounts
to extreme cruelty, entirely subverting the family relations
by rendering the association intolerable.    Our statutes do
not confine such cruelty to mere physical violence, which
is by no means the worst injury that can be inflicted on
persons of refined sensibility; but the grievance,, of what-
ever kind, must be of the most aggravated nature to
justify a divorce.    While the proof shows that these
parties lived in very unpleasant relations, it is not clear
that matters had proceeded to extremity."

That language describes this case.

3. Defendant complains of the decree for alimony on
the ground that it is excessive.    While we are not called
upon to decide this question, I desire to call attention to
one feature of the case upon this subject.    The court
found that "this 40 acres is easily worth the sum of
$2,700."    There is ample testimony upon which to base
this conclusion.    Defendant offered in evidence the assess-
ment rolls for 1894 to 1897, inclusive.    Those were ob-
jected to "as no proof of the value of property."    They
were received, and showed the assessed cash value for
1894 and 1895 to be $500 each year, and for the other
years $600 each.    For some of those years one of the
solicitors for complainant was assessor.    Comment is un-
necessary.    Assuming that said solicitor performed his
constitutional duty as supervisor, he asked the court to
decree to complainant $175 more than the property was
worth according to his own estimate of its value.

Decree should be reversed, and bill dismissed.

HOOKER, J., concurred with GRANT, C. J.

MOORE, J.    I cannot agree with the conclusion reached
by the Chief Justice.    The testimony was taken in open
court, where the circuit judge had an opportunity to see
the witnesses, and to judge of their truthfulness.    The
testimony is conflicting, and the appellate court ought to
be fully persuaded it must have reached a different con-

clusion, had it been in the position of the trial court, before it should reverse its decree. *Nicholas* v. *Nicholas*, 50 Mich. 162. Taking the record as it reads, there is abundant testimony of cruelty on the part of the defendant. It shows neglect of her when she was ill from the birth of her child. He had an unpleasant habit of swearing at her, and calling her a "nigger," and a "dirty devil," and a "damned devil," and would not speak to her for a month at a time, except to say mean things to her. When she would get the house cleaned, and the floor freshly mopped, he would go scuffing through the house with dirty shoes, and on one occasion emptied the contents of the teapot upon the recently-cleaned kitchen floor. He would wash his face and hands, and wipe them upon the window curtains, or upon the freshly-washed white dress of his wife as it hung upon the bars. He would spit upon the floor, upon the walls of the rooms, and upon the bedclothes. I should suppose a sensitive woman, who had some love for her husband, and some pride in her housekeeping, would prefer an occasional whipping to these fits of sullen silence, opprobrious epithets, and habits of slovenliness. Defendant had no business to disregard the decencies of life until his acts made her life miserable. I think the charge of extreme cruelty is sustained, and complainant ought not to be required, in view of the showing made in the record, to longer live with defendant. *Briggs* v. *Briggs*, 20 Mich. 34; *Goodman* v. *Goodman*, 26 Mich. 417; *Palmer* v. *Palmer*, 45 Mich. 150 (40 Am. Rep. 461); *Whitmore* v. *Whitmore*, 49 Mich. 417; *Warner* v. *Warner*, 54 Mich. 492; *Hoyt* v. *Hoyt*, 56 Mich. 50.

The testimony about the value of the property belonging to defendant is conflicting, but I am satisfied it warranted the conclusion of the trial judge, and that his order for alimony should stand.

The decree should be affirmed, with costs.

MONTGOMERY and LONG, JJ., concurred with MOORE, J.