VOLLRATH *v.* VOLLRATH.

DIVORCE—EXTREME CRUELTY—APPEAL—PRESUMPTION.

A decree of divorce in favor of a husband for extreme cruelty of his wife, who was charged with improper conduct with other men and with threatening to kill the complainant, will be affirmed on appeal where the testimony, considered in the light of the presumption arising from the opportunity of the trial court to see and hear the witnesses, supports his conclusion.

Appeal from Wayne; Rohnert, J. Submitted October 13, 1910. (Docket No. 54.) Decided November 11, 1910.

Bill by Charles Vollrath against Magdalena Vollrath for divorce. From a decree for complainant, defendant appeals. Affirmed.

*Frank D. Andrus*, for appellant.
*Henry G. Nicol*, for appellee.

STONE, J. The bill for divorce was filed by the husband in this case, charging extreme cruelty on the part of the wife. The specific acts charged were that defendant had on many occasions entertained men at complainant's house in his absence, and that defendant had stated to acquaintances of hers that she had received money from the men so entertained; that defendant had been seen drinking with men in at least two cafés in the city of Detroit, and that she had there been kissed and embraced by men; that, when complainant was sick on one occasion, she had said that she wished he would die, and that his life insurance would be worth more than he was; that defendant had telephoned to complainant's employers on two occasions falsely charging that he was carousing about evenings, getting drunk, and spending money on other women, and that he was at home in the afternoon sleeping, when he should have been at work, the result of such false charges being that complainant lost his positions; that on one occasion when complainant was sick at home the defendant stated to an acquaintance that she was going to put complainant to sleep, and that, if he died, it would appear that he died of heart failure. The defendant answered these charges by a general denial of them. The cause being at issue, the testimony was taken in open court, and a decree was granted to complainant. Defendant appeals.

The complainant's testimony was taken and was corroborated in a greater or less degree by four other witnesses.

The defendant was sworn, and while she denies many of the charges, and seeks to justify her conduct as to her association with men, we are not impressed with the truthfulness of her explanations, nor with her candor in a number of instances. In addition to her testimony, the defendant examined two witnesses, both of whom were women acquaintances and whose testimony was of the most general character. There was testimony which, if believed by the circuit judge, warranted him in granting a decree to complainant. A careful reading of the record shows that there was a·clear preponderance of the affirmative evidence in favor of the complainant. The questions involved are purely questions of fact, the discussion of which would not profit any one. The trial court had the advantage of having seen and heard the witnesses testify. In some matters charged there is a sharp conflict in the testimony which cannot be harmonized. As was said by Justice MOORE in *Donaldson* v. *Donaldson,* 134 Mich. 291 (96 N. W. 449):

"There are many aids possessed by the judge who hears the oral testimony in deciding who of the witnesses are truthful that do not get upon the printed page."

While it is the duty of this court to exercise its independent judgment in such cases, yet where our conclusion accords with that of the circuit judge, and in view of the presumption favoring his conclusion on a question of fact, where he has had the opportunity above referred to, which is denied us on appeal, we think that we should treat the complainant's case as made out by the proofs in this case. *Kirkland* v. *Kirkland,* 111 Mich. 166 (69 N. W. 233); *Bailey* v. *Bailey,* 121 Mich. 236 (80 N. W. 32); *Karreman* v. *Karreman,* 122 Mich. 654 (81 N. W. 576); *Donaldson* v. *Donaldson, supra.*

There are no children nor money considerations involved in the case, and we think that the decree below should be affirmed, but without costs.

BIRD, C. J., and OSTRANDER, BROOKE, and BLAIR, JJ., concurred.