BEARINGER *v.* BEARINGER.

1. DIVORCE—EXTREME CRUELTY—IMPROPER CONDUCT—HUSBAND AND WIFE.

In a suit for divorce brought by the wife as complainant, the defendant was rightly granted a divorce on the ground of extreme cruelty, where complainant was shown to have been repeatedly guilty of undue intimacy and improper conduct, although not of adultery, with defendant's hired man.

2. SAME—ALIMONY—SUFFICIENCY.

Six hundred dollars was properly awarded to complainant as alimony out of the sum of $5,000 received by defendant from the estate of a deceased brother, complainant having aided in no way in procuring that amount.

Appeal from Lapeer; Smith, J. Submitted June 4, 1912. (Docket No. 9.) Decided July 10, 1912.

Bill by Alma Bearinger against William Bearinger for

divorce. From a decree for defendant, on his answer in the nature of a cross-bill, awarding alimony to complainant, both parties appeal. Affirmed.

*Herbert W. Smith,* for complainant.

*Elmer Shumar,* for defendant.

MOORE, C. J. The parties to this suit were married in October, 1885, and lived together from that time until about the time of filing this bill of complaint, in March, 1911, with the exception of a short time in 1909, when complainant filed a bill for divorce against the defendant. This cause was afterwards settled, and the parties resumed marriage relations. Two children were the result of the marriage, a daughter 24 and a son 17 years of age at the time of commencing this suit. The bill of complaint charges the defendant with habitual drunkenness and extreme cruelty, and prays a decree for separate maintenance. The defendant's answer, in the nature of a cross-bill, denies the allegations of habitual drunkenness and extreme cruelty, and charges the complainant with extreme cruelty, specifying acts of improper conduct with one Grader, and other acts of misconduct. Complainant filed an answer to defendant's cross-bill, denying the charges of extreme cruelty. The cause was heard in open court. After hearing the testimony, the circuit judge dismissed complainant's bill, and granted a decree of divorce to the defendant, awarding to the complainant $600 permanent alimony. From this decree both parties appeal.

The most serious controversy grows out of the question of alimony, though complainant insists defendant failed to show a case for a decree of divorce. The trouble between the parties seems to have arisen with the advent of a hired man upon the farm occupied by the parties, whose name was Grader. While there may have been nothing criminal in the relations between this man and the complainant, their relations, to say the least, were very inde-

fensible, and were well calculated to do away with the happiness of the defendant. Without attempting to narrate in detail the testimony, we think it justifies a decree of divorce on the part of the defendant. See *Briggs* v. *Briggs*, 20 Mich. 34; *Vollrath* v. *Vollrath*, 163 Mich. 301 (128 N. W. 190).

We now come to the question of alimony. It is the claim of the complainant that she was a good worker and helped to accumulate the property owned by her husband, and that the amount of alimony should be substantially larger. On the part of the defendant it is contended (we quote from the brief of counsel):

"*Fourth*. That the charges contained in defendant's cross-bill, and the proofs in support thereof, are of such a nature that the complainant is entitled to no alimony whatever."

An examination of the record does not satisfy us that either of these contentions is true. We have already referred sufficiently to the relations of the complainant with Mr. Grader. The record shows that the farm owned by the defendant came to him from his father and mother, and that in March, 1906, he was badly in debt. At about this date he received from the estate of his brother the sum of $5,000, which was used in paying off the indebtedness of defendant and improving the farm. If the amount of property received from the brother was deducted from the assets of defendant, there would be very little left. Of course complainant had nothing to do with the accumulation of the $5,000 which came from the brother to her husband. We think the amount allowed by the trial judge was about right, in view of what is disclosed by the record.

The decree is affirmed. As both parties have appealed, neither party will recover costs.

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.