[No. 2103]

## WILLIAM D. McALLISTER, APPELLANT, *v.* ANNIE V. McALLISTER, RESPONDENT.

[139 Pac. 781]

1. DIVORCE—SUFFICIENCY OF PLEADING—CRUELTY.

> A husband's complaint alleging the wife's persistent gross uncleanliness, both as to her person and in the performance of her household duties, her vituperation of him upon his remonstrance with her because of her conduct, that against his protest, she persistently exposed her person to the view of neighbors and to men servants in a manner grossly immodest, if not indecent, and used profane and vulgar language and told vulgar, obscene, and licentious stories in the presence of the children, so that he felt compelled to remove his daughter from her influence, and deprive himself of her society, to give her an opportunity to properly develop her character, that such cruelty was inflicted daily, and frequently several times a day, and extended continuously through their married life, that it was wholly unprovoked, that it destroyed his happiness, wrecked his home life, impaired his health, and caused great and grievous mental worry and torment, that it was unendurable, and had turned his feeling for her into repulsion and disgust, and that he had ceased to live with her, sufficiently stated a cause of action for divorce upon the ground of extreme cruelty.

APPEAL from the Second Judicial District Court, Washoe County; *C. L. Harwood,* Judge.

Action for divorce by William McD. McAllister against Annie V. McAllister. Judgment for defendant, and plaintiff appeals. **Reversed and remanded.**

*Ayres & Gardiner* and *W. A. Massey,* for Appellant.

By the Court, NORCROSS, J.:

This is an appeal from a judgment of dismissal, and presents the sole question of the sufficiency of the complaint to state a cause of action for divorce upon the ground of cruelty.

Without setting out in full the numerous allegations in the complaint upon which the plaintiff bases a cause of action for divorce upon the ground of extreme cruelty, it will be sufficient to refer to the allegations in general terms.

The complaint alleges persistent gross uncleanliness

upon the part of the defendant, both as to her person and in the performance of her domestic household duties; vituperation of plaintiff by defendant upon his remonstrance with defendant because of her course of conduct; that, against the protest of plaintiff, defendant persistently exposed her person to the view of neighbors and to men servants in a manner grossly immodest, if not indecent; that the defendant persistently, and against the remonstrance of plaintiff, used profane and vulgar language and told vulgar, obscene, and licentious stories in the presence of the children, and to such an extent that plaintiff felt compelled to remove his daughter from the influence of her mother, and deprive himself of the pleasure of her society, in order to give her an opportunity to properly develop her character.

These various alleged acts of cruelty are followed by an allegation to the effect that they and a long line of continual, systematic, and persistent acts of a similar nature were reiterated daily, and frequently several times a day; that they extended from shortly after marriage and continually through the married life; that they were wholly unprovoked; that they grew more and more frequent and unendurable; that they destroyed plaintiff's happiness, wrecked all his home life, shattered his nerves, impaired his health, and caused him great and grievous mental worry and torment, which, if longer endured, would have completely undermined and destroyed his health; that they turned all the love of plaintiff for defendant into repulsion and disgust, whereby, on or about the 15th day of December, 1906, plaintiff ceased to cohabit with, or to have any intercourse with defendant.

We think it cannot be said, as a matter of law, under the views expressed by this court in former decisions, and in accordance with the trend of modern authorities, that the complaint fails to state a cause of action. (*Reed v. Reed*, 4 Nev. 395; *Kelly v. Kelly*, 18 Nev. 49, 1 Pac. 194, 51 Am. Rep. 732; *Gardner v. Gardner*, 23 Nev. 207, 45 Pac. 139; *Kapp v. District Court*, 31 Nev. 444, 103 Pac. 235; *Mosher v. Mosher*, 16 N. D. 269, 113 N. W. 99, 12

L. R. A. n. s. 820, 125 Am. St. Rep. 654; *Bailey* v. *Bailey*, 121 Mich. 236, 80 N. W. 32; *Dawson* v. *Dawson*, 132 S. W. 379; *Carpenter* v. *Carpenter*, 30 Kan. 712, 2 Pac. 122, 46 Am. Rep. 108; *Barnes* v. *Barnes*, 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660; *Lyon* v. *Lyon*, 134 Pac. 650; Nelson on Divorce, secs. 251, 265, 275, 310, 316.)

Judgment reversed, and cause remanded.