BRUSSEAU *v.* BRUSSEAU.

DIVORCE—EXTREME CRUELTY—DESERTION—EVIDENCE—SUFFICIENCY.
In a suit for divorce by the husband on the grounds of extreme cruelty and desertion, testimony tending to support the charge of extreme cruelty and that the wife left home 15 years ago, and, although often requested so to do refused to return, *held,* sufficient to support a decree for plaintiff, although defendant denied plaintiff's allegations of cruelty and claimed she was justified in leaving him because of his cruelty, and that she did not want a divorce because she was a Catholic.

Appeal from Wayne; Goff (John H.), J. Submitted June 16, 1922. (Docket No. 60.) Decided July 20, 1920.

Bill by Peter Brusseau against Sophronie Brusseau

---

The question as to effort of one spouse to induce the other to return home as a condition of desertion by the latter, see note in 39 L. R. A. (N. S.) 1118.

for a divorce.    From a decree for plaintiff, defendant appeals.    Affirmed.

*E. A. Fink,* for plaintiff.

*Charles Bowles,* for defendant.

MOORE, J.    This is a divorce case.    The bill was filed by the husband charging extreme cruelty and desertion.    The plaintiff is about 70 years of age, and his wife is about 6 years younger.    The defendant filed an answer to the bill of complaint denying the allegations in the bill, but asked for no affirmative relief.    The evidence in the case is in a large measure the testimony of the parties plaintiff and defendant, and is contradictory and conflicting respecting nearly all of the facts relative to the deportment and conduct of one to the other.    There are supporting witnesses on both sides of the controversy.    The hearing was in open court.    The circuit judge rendered a decree on both grounds of extreme cruelty and desertion and divided between the parties a fund which with the accumulated interest amounts to about $1,000 on deposit with the Huron & Erie Mortgage Corporation, of London, Ontario, giving to the wife two-thirds thereof, and the husband one-third.    This is about all of the means possessed by the parties.    The wife has appealed from this decree.

If the testimony of the plaintiff is true he has amply sustained the averments of his bill.    If the testimony of the defendant is true he has failed to do so.    The parties quarreled frequently.    The wife left home twice and each time came back.    In 1907 she left home for good, claiming she was justified in doing so because of the cruelty of her husband to herself and to her children.

We quote a few sentences from her testimony:

"*Q.* Your husband spoke to you several times that

you should draw that money out and divide it between you?

"*A.* He never said that to me.

"*Q.* That word was brought to you?

"*A.* Yes, sir, he wanted to have the money and be divorced: I said, I am a Catholic, I don't want any divorce. * * * After we separated my husband wanted me to come back home, but I would not.

"*Q.* But, anyway, it was your own doings that you would not go back?

"*A.* My own mind. * * *

"*Q.* But you went to the police court and made a complaint against him?

"*A.* Yes, and my son talked to him many times to help me but he did not want to do it. * * *

"*Q.* You did not want to live with him, then?

"*A.* No, sir."

Redirect-examination by Mr. Bowles:

"I do not want to live with him because he is too mean to me. I cannot stand it, he abuses me too much; that is the reason. * * *

"*The Court:* Both of these parties have the same religion?

"*Mr. Bowles:* Yes, your honor.

"*The Court:* She has not lived with him since he has been here. She declines to live with him."

Whatever the merits of the original controversy, we have a case here where the wife left the home of the husband 15 years ago, does not want a divorce and refuses to live with the husband, though often requested to do so. The chancellor heard and saw the parties. This gave him a great advantage in deciding the merits of the controversy. *Karreman* v. *Karreman,* 122 Mich. 654; *Donaldson* v. *Donaldson,* 134 Mich. 289; *Vollrath* v. *Vollrath,* 163 Mich. 301; *Case* v. *Case,* 159 Mich. 491; *Waldhorn* v. *Waldhorn,* 165 Mich. 130.

The decree is affirmed, with costs to the appellee.

FELLOWS, C. J., and WIEST, MCDONALD CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.