COOPER v. COOPER.

1. Divorce—Supreme Court—De Novo Review—Credibility.
    A suit for divorce is heard *de novo* by the Supreme Court but
    it is recognized that the trial judge has a better opportunity
    to determine questions of credibility.

2. Same—Extreme Cruelty—Record.
    Record presented in wife's suit for divorce on ground of extreme
    cruelty *held,* not to warrant granting a divorce to her.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted January 6, 1956. (Docket No. 45, Calendar No. 46,613.) Decided March 1, 1956.

Bill by Doretha Cooper against George Cooper for divorce on ground of extreme and repeated cruelty. Decree dismissing bill. Plaintiff appeals. Affirmed.

*David A. Hersh,* for plaintiff.

Kelly, J. Two questions are presented by plaintiff-appellant: Did the trial court err in refusing to grant a decree of divorce from the bonds of matrimony to the plaintiff? and, Upon the record is the defendant guilty of extreme and repeated cruelty as to warrant a decree of divorce to plaintiff?

Plaintiff and defendant were married on December 30, 1944. No children were born to said marriage.

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 815.
[1, 2] 3 Am Jur, Appeal and Error § 833.

Before her marriage, plaintiff lived in Bolivar, Tennessee, and taught school. She testified that she owned a home in Tennessee and sold same for $1,800 and used this money, together with money she and defendant had saved, for the purchase of a 2-family flat at 294 E. Euclid, where she lived with her husband until she left him on December 4, 1951. Without defendant's knowledge, plaintiff bought a flat at 3224 Clairmont and occupied same 1 month later when she separated from him. Plaintiff teaches school in the public schools of Royal Oak.

She testified that she left her home and husband because of his constant nagging and jealous disposition; that he charged her with improperly associating with other men; that he constantly insisted upon staying at home in the evenings; that the defendant was sexually incompatible and that sometimes as much as a month would elapse before there would be any relationship between her and her husband.

Defendant denied all these charges with the exception that he admitted that he did remonstrate with his wife about her associations with a Mr. Jackson. He testified that his wife would receive a telephone call on Saturday mornings, when he would be home from work, and after receiving such call would change her clothes and walk a distance from the house and get in the car with Mr. Jackson. Defendant testified that when he questioned his wife about this she denied that she had met Mr. Jackson.

Defendant testified that his wife's attitude changed toward him after a trip she took to California in the summer of 1950. It is evident from the record that defendant feels as though this change was due to the fact that she met Mr. Jackson while in California. Plaintiff denies that she met Jackson on the trip to or from California, or while in California. Mr. Jackson testified and, while admitting that he was

in California at the same time plaintiff was there, denied seeing her either while she was in California or on the trip to or from California.

A schoolteacher friend who accompanied plaintiff in her automobile to California, and also returned with her, stated she did not see Mr. Jackson during the entire trip going or coming, and further that she did not see him while in California. She admitted, however, that while she was with plaintiff most of the time she was not with her all the time she was in California.

Plaintiff testified that on 1 occasion defendant struck her, stating that the blow was administered with such force that it broke part of her tooth and bruised her face. Defendant admits that he did, on this 1 occasion, slap his wife in the face after she had called him "a damned liar." A Mrs. Strum, who occupied the flat above plaintiff and defendant, testified she heard an argument between them and went down to their flat and saw plaintiff lying on the floor of the bathroom and that she left without doing anything about it because she "didn't want them to think that I was mixing into their business." Defendant claims, however, that after he slapped his wife she walked into the bathroom and laid down to make it appear that she was badly hurt, and that he was of the opinion that it was part of a conspiracy entered into between his wife and this Mr. Jackson.

There was a sharp conflict in the testimony in this case. The trial court in his opinion stated:

"The testimony clearly indicated to the court that the defendant was an above-average type of a husband. He worked steadily at the Ford Motor Company all during the period the couple were married. He left for work at 4:30 every morning, and he turned practically all of his earnings over to his wife. He is not a drinking man; nor was he accused of so being. He admitted that on 1 occasion

he did strike his wife, but testified that he was provoked on that occasion by her calling him 'a damn liar'. It is neither charged nor proved that he struck her upon any other occasion.     *     *     *

"All in all, the court feels that the defendant has turned out to be a far better than average husband; and that in spite of the quarrelling between the parties, no divorce is warranted. Therefore, plaintiff's bill will be dismissed."

While this appeal is heard as a trial *de novo,* this Court has repeatedly stated that the trial judge has a better opportunity to determine questions of credibility than is granted this Court merely by the submission of the record.

In *Stewart* v. *Stewart,* 329 Mich 198, 201, which was a divorce case, this Court stated:

"In the testimony there is such a marked degree of conflict that there was left a large margin for the trial judge to pass upon the credibility of the respective witnesses; and the trial judge had a much better opportunity to function in that capacity than this Court has. We think it is a fair inference that wherein there was material conflict the trial judge placed more credence in the testimony in behalf of plaintiff than that in behalf of defendant."

The record in this case does not warrant a decree of divorce to plaintiff. Decree of lower court affirmed.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, CARR, and BLACK, JJ., concurred.