## HARTKA *v.* HARTKA.

1. DIVORCE—EXTREME CRUELTY—FALSE ACCUSATIONS OF ADULTERY.
   Repeated false accusations of adultery constitute extreme cruelty
   in suit for divorce, where not founded on reasonable grounds.

2. SAME—DE NOVO REVIEW BY SUPREME COURT.
   A suit for divorce is heard by the Supreme Court *de novo* on the
   record, but the Supreme Court generally gives great weight to
   the findings of fact by the trial judge.

3. SAME—EXTREME CRUELTY—RECORD.
   Findings of trial judge that defendant husband was guilty of
   extreme cruelty to plaintiff wife, which justified granting her
   a decree of divorce therefor, is not disturbed on record pre-
   sented.

4. SAME—RECONCILIATION.
   The chance for forgiveness and reconciliation in a suit for divorce
   rests of necessity with the parties and the trial court, not the
   Supreme Court.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 5, 1956. (Docket No. 7, Calendar No.
46,787.) Decided September 4, 1956.

Bill by Vera Hartka against Edward G. Hartka
for divorce. Decree for plaintiff. Defendant ap-
peals. Affirmed.

*Cecil W. Castor* (*Arthur F. Moore,* of counsel)
for plaintiff.

*William John Beer,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 64.
[2] 3 Am Jur, Appeal and Error § 833.

Edwards, J.   The plaintiff, Vera Hartka, was granted a decree of divorce on grounds of extreme cruelty. The defendant husband, Edward G. Hartka, contends no legal grounds for divorce were established.

There are 4 minor children of this marriage. There was rather more than average property acquired during the marriage. The decree awarded custody of the children to the wife and ordered support for them from the defendant father. It gave the house of the parties to the wife and the balance of the property to the defendant husband. The terms of the decree are not the subject of appeal.

Plaintiff testified that her husband found her one afternoon in the living room of their home with a mutual male friend in innocent conversation; that thereafter he repeatedly and falsely accused her of infidelity; that he subsequently accused her of being illicitly pregnant; that he then accused her of having an abortion performed to end the illicit pregnancy; and that these repeated false accusations made to her and about her to others made her life with him unbearable.

Defendant admitted making the accusations, but claimed reasonable grounds therefor. His testimony as to justification for his suspicions was largely in direct conflict with that of his wife. At trial he asserted a desire to be reconciled with his wife in the interest of their family.

The trial judge's opinion said, in part, "It is the clearest case of extreme cruelty I have witnessed in court in all my experience on the bench." He held that an independent witness proved the abortion accusation untrue and accepted plaintiff's testimony as opposed to that of her husband.

Repeated false accusations of adultery constitute extreme cruelty in suit for divorce, where not founded on reasonable grounds. 27 CJS, Divorce,

§ 28, p 555; *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Mark* v. *Mark,* 319 Mich 258.

This matter being an appeal from a decree of divorce is, of course, heard here on the record *de novo;* but the Court generally gives great weight to the findings of fact of the trial judge.

The trial court is our arena for the test of truth. There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge. He sees the averted glance, marks the hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive. The cold words on a printed page show none of these essentials to the search for fact. *Donaldson* v. *Donaldson,* 134 Mich 289; *Vollrath* v. *Vollrath,* 163 Mich 301; *Cooper* v. *Cooper,* 345 Mich 44.

The trial judge found this defendant's accusations against his wife to be false; and, in effect, that no reasonable justification for his repeated utterances of them was shown. This record offers no substantial grounds for overruling the trier's view of the facts.

Nor can we here by a few words breathe life into a marriage where so much has been done to destroy it. The chance for forgiveness and reconciliation rests of necessity with the parties and the trial court.

In *Karreman* v. *Karreman,* 122 Mich 654, Mr. Justice MOORE concluded his admirably brief opinion with the following words, which this Court adopts as applicable here:

"The questions involved are purely questions of fact, the discussion of which would not profit any one. The trial court saw the witnesses. The decree is justified by the evidence."

Affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.