PEOPLE v. DELANEY.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING OVER FOR
TRIAL.
    It is necessary that an examining magistrate find that a crime
    . has been committed and that there is probable cause to believe
    the accused guilty thereof in order to bind him over for trial
    (CL 1948, § 766.1 et seq.).

2. SAME—PRELIMINARY EXAMINATION—PROBABLE CAUSE.
    The question of whether or not it is shown on preliminary exami-
    nation that there is probable cause to believe the accused has
    committed the crime charged is for consideration and deter-
    mination by the examining magistrate (CL 1948, § 766.1
    et seq.).

3. SAME—PRELIMINARY EXAMINATION—CERTIORARI—DISCRETION OF
EXAMINING MAGISTRATE.
    The function of the circuit court on the writ of certiorari from
    . order of examining magistrate discharging an accused is to
    determine whether or not the magistrate has abused his dis-
    cretion (CL 1948, § 766.1 et seq.).

4. SAME—PRELIMINARY EXAMINATION—CERTIORARI—EVIDENCE.
    Circuit judge committed error on certiorari to examining magis-
    trate from latter's discharge of accused on charge of obtaining
    money by false pretenses in binding defendants over for trial,
    where the judge wrongfully took into consideration informa-
    tion which had come to his attention in the trial of another
    case and substituted his judgment for that of the examining
    magistrate in weighing the evidence (CL 1948, § 750.218, as
    amended by PA 1957, No 69; § 766.1 et seq.).

5. FALSE PRETENSES—EVIDENCE—CHECKS.
    Evidence that payment of checks was refused because of insuffi-
    cient funds held, insufficient to justify holding defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Criminal Law § 241.

payee-indorsers for trial on charge of obtaining money by false pretenses, where checks were properly drawn by an authorized party on an active bank account and were presented and cashed by indorsee without misrepresentation (CL 1948, § 750.218, as amended by PA 1957, No 69).

Appeal from Oakland; Adams (Clark J.), J. Submitted June 14, 1962. (Docket No. 55, Calendar No. 49,532.) Decided October 1, 1962.

Robert Delaney, Edward Delaney, and Emmet Delaney were charged with obtaining money by false pretenses. Complaint dismissed by examining magistrate. Upon certiorari to circuit court order entered binding over defendants for trial. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *George F. Taylor,* Prosecuting Attorney, and *Robert L. Templin,* Assistant Prosecuting Attorney, for the people.

*Ray Cashen* and *Robert S. Axford,* for defendants.

KAVANAGH, J. On February 28, 1961, defendants were charged with obtaining money by false pretenses contrary to the provisions of PA 1931, No 328, § 218, as amended.* The complaint and warrant alleged that the money was obtained between the 1st and 19th days of October, 1959.

Preliminary examination was held on March 10, 1961. There was introduced and received in evidence 6 checks aggregating $1,146. These checks had been drawn on the Brighton State Bank by the Rite-Way Softener Service and signed by one Emmet Delaney. Two of the checks were made payable to defendant

---

* CL 1948, § 750.218, as amended by PA 1957, No 69 (Stat Ann 1959 Cum Supp § 28.415).

Robert Delaney, 3 to defendant Edward Delaney, and 1 to defendant Emmet Delaney. They were indorsed by the respective payees and cashed at the Buffet Bar in the city of Farmington at various times between the 1st and 19th of October, 1959. The owner of the bar testified she and her employees were well acquainted with the defendants and that she had been cashing checks for them for a period of about 1–1/2 to 2 years.

A bank identification card showing the existence of the checking account in the name of the Rite-Way Softener Service with Emmet Delaney authorized to sign checks was received into evidence. There was also offered and received in evidence a bank statement of the Brighton State Bank showing the deposits and withdrawals on said account during the month of October, 1959. The bank statement showed 17 deposits from October 1, 1959, through October 19, 1959, totaling $78,583.60. It showed no overdraft until October 21, 1959, and then one totaling only $11.15.

On March 17, 1961, the examining magistrate filed a lengthy written finding of the court. He concluded:

"Therefore to find that the crime charged in the complaint had been committed, the court must find that the checks in question were false or bogus, designedly used with intent to defraud and cheat.    *    *    *

"All of the checks offered in evidence were regular on their face. There was no proof that the drawer was not a legitimate concern with an active checking account with the drawee bank, that the payee on each check was fictitious, that the payee on the check was not the same person as the indorser. When the checks were presented for clearance payment was refused, not because of any irregularity or anything not genuine about them but rather because of insufficient funds. Only to use the term in the vernacular

could the checks be called bogus or perhaps in a more common term 'rubber.' "

The magistrate found: (1) there was insufficient evidence of false representation; (2) the checks in question in and of themselves were valid, regular and genuine on their face and not false or bogus; (3) as to the evidence submitted, the State had not shown there was reasonable cause to believe a crime had been committed. The magistrate therefore dismissed the charges and discharged the defendants from custody.

On April 6, 1961, the Oakland county circuit court, on application by the prosecutor, ordered a writ of certiorari to issue. The examining magistrate filed his return to the writ and the prosecution made a motion to bind said defendants over to the circuit court. Defendants replied to said motion, which came on for hearing May 22, 1961.

The circuit court, after listening to the respective arguments, handed down its opinion and entered an order binding said defendants over for trial in the circuit court.

Defendants are here on leave granted raising 3 questions, only one of which we shall discuss:

Did the circuit court have the right to go outside the testimony taken before the examining magistrate and substitute its judgment in the place and stead of the examining magistrate and order the defendants bound over for trial?

The circuit court filed the following opinion:

"The court has examined the opinion of the justice wherein he ordered that the warrant be dismissed and the respondents discharged from custody and notes that the justice said that it is his responsibility to make a 'finding that the evidence adduced before him is sufficient within the purview of the statute to constitute the crime charged in the complaint.' I

take it from that wordy sentence that he thinks it is the responsibility of the justice court to determine whether the respondents are guilty or innocent of the charge as brought.

"He also says, and I am quoting again from the justice, that the checks themselves were 'regular and genuine on their face and not false or bogus.' Of course he must have completely closed his eyes in that instance because this case has been in this court before and if there was anything obvious and evident in the trial of the cause, it is the fact those checks were not regular and genuine on their face. They were completely false and completely bogus. As a result of those false tokens money was obtained and certainly was obtained with intent to defraud those from whom it was taken.

"The court finds the examining justice did abuse his discretion in this cause. The judgment is set aside and the order will enter binding these 3 respondents over for trial."

This Court in the early case of *Yaner* v. *People,* 34 Mich 286, said (pp 287–289):

"The legislature, in substituting or permitting examinations instead of indictments, did not intend thereby to withdraw from, or deprive a person accused of crime of any substantial right which previously existed. It was not designed that an examination in form only should be gone through with, and the accused bound over and put upon trial in the circuit court for an offense which the magistrate did not judicially determine to have been committed. * * *

"And it is only when it shall appear from such examination that an offense not cognizable by a justice of the peace has been committed, and that there is probable cause to believe the prisoner guilty thereof, that he can be held for trial. * * * The

clear evident intent of this statute* was, that the magistrate should exercise his best judgment in the matter; that he should from the testimony determine whether the crime charged in the warrant had been committed."

In the case of *People* v. *Evans,* 72 Mich 367, this Court held (p 387):

"The statute requires the justice, after 'an examination of the whole matter,' to come to an opinion as to whether or not an offense has been committed; and, if of opinion that there has been, then as to whether there is probable cause to believe the accused guilty thereof, and thereupon to discharge or hold him to answer according to the conclusion reached."

See, also, *People* v. *Medley,* 339 Mich 486.

This Court has held that primarily the question of probable cause is for consideration and determination by the examining magistrate. *People* v. *Dellabonda,* 265 Mich 486.

The function of the circuit court on the writ of certiorari was to determine whether as a matter of law the examining magistrate abused his discretion. While the circuit court may not agree with the findings of the magistrate, it has no right to substitute its judgment for his except in case of a clear abuse of discretion. Clearly, the circuit judge in this instance wrongly took into consideration information which had come to his attention in the trial of another case. Also, he substituted his judgment for that of the examining magistrate in weighing the evidence. This he did not have a right to do. It would appear that he based his allegation of abuse of discretion upon his finding that the checks were

---

* Reference is to earlier statutes, many of the provisions of which are now incorporated in the code of criminal procedure. See CL 1948, § 766.1 *et seq.* (Stat Ann 1954 Rev § 28.919 *et seq.*).—REPORTER.

not regular and genuine on their face and that they were completely false and completely bogus.

The evidence introduced at the examination indicates the checks were properly drawn by an authorized party; that they were presented and cashed at the bar without misrepresentation; that during the period of their existence, large deposits were made to the bank account upon which they were drawn.

Many reasons might have existed for the return of the check for insufficient funds, such as garnishment of the account. The record discloses no attempt to obtain the cashing of the checks by false representations. The checks on their face were not false or bogus, nor was the circuit judge justified in so holding. It was not the function of the circuit judge to substitute his judgment for that of the examining magistrate.

The order binding the defendants over for trial and the order setting aside the judgment of the examining magistrate are reversed.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.