Probable cause is a question for the consideration and deter-
mination of the examining magistrate and the function of an
appellate court, on review of such decision, is to determine
whether as a matter of law the magistrate abused his dis-
cretion and, while the reviewing court may not agree with
the judgment of the magistrate, his findings will stand except
in cases of a clear abuse of discretion.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—DUTY OF EXAMINING
MAGISTRATE—WITNESSES—CREDIBILITY—EVIDENCE.

The examining magistrate had the right and duty to pass judg-
ment not only on the weight and competency of the evidence
but also the credibility of the witnesses in determining whether
a crime had been committed.

3. WITNESSES—TESTIMONY—RECORD—REVIEW.

The judge who hears the testimony, observes the demeanor of
witnesses and is in a position to determine their credibility,
has a distinct advantage over the appellate judge, who must
form judgment solely from printed words.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 21 Am Jur 2d, Criminal Law § 443 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal Law § 450.

4. Criminal Law—Examining Magistrate—Binding Over—Probable Cause—Review.

    The examining magistrate should not bind defendants over for trial if the people merely prove that there was probable cause to believe that the crime charged in the warrant had been established.

### Concurring Opinion.

T. E. Brennan, C. J., and T. M. Kavanagh, J.

5. *Denial of motion to reinstate preliminary examination and to bind defendant over for trial should be affirmed for the reasons stated in the separate opinion of* T. E. Brennan, C. J., *in People v. Paille #1 (1970), 383 Mich 605.*

Appeal from Court of Appeals, Division 2, Quinn, P. J., and T. G. Kavanagh and McGregor, JJ., denying leave to appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted December 2, 1969. (Calendar No. 29, Docket No. 52,169.) Decided July 17, 1970.

Robert Paille, David Senak and Melvin Dismukes were charged with conspiring to commit a legal act in an illegal manner. Warrant dismissed by examining magistrate. Motion by plaintiff to reinstate and bind defendants over for trial denied by presiding judge of Recorder's Court. Leave to appeal denied by Court of Appeals. Plaintiff appeals. Order of Recorder's Court presiding judge affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Boesky & Lippitt, P. C. (Robert J. Sandler,* of counsel), for defendants Paille and Senak.

KELLY, J.    During the July, 1967, Detroit riot a
report of sniping caused state troopers, members of
the National Guard, and Detroit police officers to
converge at the Algiers Motel, located on Woodward
Avenue, Detroit, Michigan.

Defendants Robert Paille and David Senak, who
were members of the Detroit police department, and
Melvin Dismukes, a private guard, responded to the
call to stop the sniping at the motel.    On August 23,
1967, all were charged in a warrant with conspiring
with one Ronald August to commit a legal act in an
illegal manner, contrary to PA 1966, No 296.[1]

The legal act and the illegal manner in which the
people claim it was carried out are described in the
people's brief as follows:

"The record transcript proves that the defendants
in their effort to put an end to the sniping entered
the motel to locate the sniper and his weapon.    In
seeking informative leads they herded the occupants
of the motel from their rooms into a line-up facing a
wall and then engaged in a course of conduct which
unmistakably exhibited and demonstrated a concert
of action to commit and condone the commission of
unlawful acts.

"The people do not deny that the vowed purpose
of the defendants Robert Paille, David Senak and
Melvin Dismukes, who was a private guard stationed
on duty nearby the motel, was to investigate informa-
tion of shooting in the area.    Witnesses testified that
shots were fired at them when they looked out of
the window.    Once inside the building, however, the
defendants' conduct in coercing and beating the oc-
cupants of the motel to volunteer information the
victims apparently did not possess or refused to
divulge became unlawful, and it is the position of
the people herein that an agreement with knowledge
and participation can be made out among the defend-

---

[1] MCLA § 750.157a  (Stat Ann 1970 Cum Supp § 28.354[1]).

ants to assist each other in the use of violence and abusive conduct upon others to complete their investigation."

Hon. Frank G. Schemanske, Judge of the Recorder's Court, City of Detroit, filed a lengthy opinion and order, which was divided into five parts: 1) "Introductory," 2) "Legal Aspects," 3) "Facts," 4) Witnesses," and 5) "Conclusion."

Referring to the state's witnesses, occupants of the motel when the defendants entered, Judge Schemanske said:

"[T]hese residents despite evident rehearsing gave different accounts of some of the same incidents. * * *

"However, in spite of their eagerness their incredible testimony could not possibly convince a disinterested arbiter of facts of their good faith or their truthfulness. Their calculated prevarication to the point of perjury was so blatant as to defeat its object."

Judge Schemanske concluded his opinion as follows:

"After careful review of the notes taken during the trial and of the testimony from the transcript, the court is unable to find any credible testimony supporting the theory of conspiracy between any two of the defendants or any defendant and co-conspirator August or even any conspiracy between these and any of the unnamed John Does who were never identified. * * *

"The court finds specifically no reason to believe that a violation of Public Act 296 of 1966 as here charged has been established; neither, had there been such establishment, could he have inferred from the testimony probable cause that the defendants were co-conspirators with each other or anyone else.

For that reason the warrant is dismissed and defendants discharged."

In an "Opinion and Order Denying the People's Motion for Reinstatement and for Binding Defendants Over for Trial," Hon. Gerald W. Groat, Judge of the Recorder's Court, stated:

"This case came before the undersigned acting as presiding judge, by way of a motion filed by the prosecutor, asking that the examination be reinstated. * * *

"The action is a novel one, filed as several such motions have recently been filed in our court, by the prosecutor, instead of appealing from the order of dismissal. There is no averment of newly discovered evidence. The people rest their case on the claim that the magistrate abused discretion; the defense counsel concede that this is the only issue to be decided. * * *

"That a magistrate may not be the judge of the credibility of the witnesses on examination is indeed a novel theory also. Yet it is on that theory that the people rest their case. * * * It is the duty of the magistrate to make this determination from the evidence. He can only make it and rest his conclusion on what he believes. He is not obliged to accept what to him is evident perjury in making his decision.

"One element of the crime alleged, conspiracy, was sustained by no credible evidence direct or inferable. That was the element of concerted action. In the court's opinion the action of the examining magistrate was correct.

"The motion to reinstate is denied."

The people's application for leave to appeal was denied by the Court of Appeals "for lack of merit in the grounds presented."

Prior to filing application for leave to appeal to this Court, plaintiff's theory was that the examining

magistrate must take all testimony at face value wihout passing upon the credibility of the witnesses.

In the brief filed in this Court, plaintiff asks the question:

"In determining the *competency* of testimonial evidence in what precise manner and to what permissible extent may an examining magistrate weigh the *credibility* of the witnesses produced before him?"

Plaintiff does not, however, answer the question but, claiming the magistrate abused discretion, states:

"Notwithstanding that the question of what facts are necessary to constitute a conspiracy is a question of law, it would appear from a study of the opinion of the magistrate that the *excessive weight placed on the credibility* of witnesses completely obscured the primary issue whether from the entire record of the proceedings sufficient facts evidenced commission of the offense charged." (Emphasis ours.)

In *People v. Dellabonda* (1933), 265 Mich 486, the Court, at p 490, stated:

"To authorize the examining magistrate to bind appellant over for trial there must have been good reason to believe appellant guilty of the crime charged. Some cases hold a *prima facie* case against the accused must be made out. This Court has not defined what constitutes probable cause, leaving each case to be determined upon its facts. Bouvier defines probable cause as, 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.' 3 Bouvier's Law Dictionary (Rawle's 3d Rev.), p 2728."

In *People* v. *Ziegler* (1960), 358 Mich 355, we held:

"Amplifying testimony later taken at trial cannot be considered in determining propriety of order

denying an accused's motion to suppress evidence, it being necessary to determine probable cause from evidence taken at the preliminary examination." (Syl 3.)

We quote with approval the following from the people's brief:

"This honorable Court has held on numerous occasions that primarily the question of probable cause is for the consideration and determination of the examining magistrate, *People* v. *Dellabonda* (1933), 265 Mich 486, and that on review of the decision of an examining magistrate the function of the appellate court is to determine whether as a matter of law the examining magistrate abused his discretion. While the reviewing court may not agree with the judgment of the magistrate, except in cases of a clear abuse of discretion, the findings of the court will stand. *People* v. *Evans* (1888), 72 Mich 367; *People* v. *Medley* (1954), 339 Mich 486; *People* v. *Delaney* (1962), 367 Mich 694; *People* v. *Karcher* (1948), 322 Mich 158; *People* v. *Asta* (1953), 337 Mich 590." (Footnote omitted.)

In determining whether the crime of conspiracy had been committed, the magistrate had not only the right but, also, the duty to pass judgment not only on the weight and competency of the evidence, but also the credibility of the witnesses.

We have often commented upon the fact that the judge who hears the testimony has the distinct advantage over the appellate judge, who must form judgment solely from the printed words.[2]

---

[2] In *Hartka* v. *Hartka* (1956), 346 Mich 453, 455, we said:

"[T]he Court generally gives great weight to the findings of fact of the trial judge.

"The trial court is our arena for the test of truth. There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge. He sees the averted glance, marks the hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive. The cold words on a printed page show none

The magistrate was aware that in the light of our decisions, defendants should not be bound over for trial if the people merely proved that there was "probable cause" to believe that the crime of conspiracy as charged in the warrant had been established.

In *People* v. *Asta* (1953), 337 Mich 590, 609, 610, 614, we stated:

"The matter of 'probable cause', as the expression is used in the statute, has reference to the connection of the defendants with the alleged offense rather than to the *corpus delicti,* that is, to the fact that the crime charged has been committed by some person or persons. Such interpretation was placed on the statute by this Court in *People* v. *Matthews* (1939), 289 Mich 440. There the justice of the peace conducting the examination made a preliminary announcement to the effect that there 'was probable cause to believe' that the offense charged had been committed. Commenting thereon it was said:

" 'Obviously this statement of the justice did not constitute full compliance with the statutory requirement that on an examination the prosecutor must show that the offense charged has been committed and that there is probable cause to believe it was committed by the accused.'

\* \* \*

"The query presented in the instant case is whether there was competent evidence before the justice of the peace on which to base a finding that the crime of conspiracy as charged in the warrant had been committed. \* \* \*

"The circuit judge correctly determined that there was no competent evidence taken on the examination

---

of these essentials to the search for fact. *Donaldson* v. *Donaldson* (1903), 134 Mich 289; *Vollrath* v. *Vollrath* (1910), 163 Mich 301; *Cooper* v. *Cooper* (1956), 345 Mich 44."

For similar reasons we have held that it is for the trier of fact to determine the credibility of witnesses in criminal cases. *People* v. *Clark* (1954), 340 Mich 411, 421.

to show that the crime charged against defendants had been committed. For that reason the order granting the motion to quash was not erroneous, and such order is affirmed."

The record does not sustain a finding by this Court that the magistrate clearly abused discretion in dismissing the warrant and discharging the defendants.

We are granting defendants' request that we "deny the people's appeal and affirm the order of the presiding judge affirming the order and opinion dismissing warrants against defendant-appellees."

DETHMERS, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with KELLY, J.

T. E. BRENNAN, C. J. (*concurring*). I concur in affirmance for the reasons stated in my separate opinion in *People* v. *Paille #1* (1970) 383 Mich 605.

T. M. KAVANAGH, J., concurred with T. E. BRENNAN, C. J.

T. G. KAVANAGH, J., did not sit in this case.