PEOPLE v GLOVER

Docket No. 30999. Submitted March 14, 1978, at Lansing.—Decided May 9, 1978. Leave to appeal applied for.

Grant G. Glover was convicted of one count of first-degree felony murder and two counts of assault with intent to commit murder in Shiawassee Circuit Court, Peter J. Marutiak, J. At trial, after the selection of the jury but prior to the presentation of any evidence, defense counsel learned that one of the jurors was acquainted with an investigative officer who was to testify. An *in camera* voir dire of that juror was held with the trial judge, prosecutor, defense counsel and defendant present, wherein the juror explained the nature of the acquaintance, which was that the officer was formerly employed by the juror's parents and had resided at their farm where she saw him on her occasional visits, and the juror assured the court that it would in no way influence her determination of the case. At the conclusion of the trial the juror greeted the officer with an embrace. Also at trial the prosecution, over defense objection, introduced a video taped deposition of one of the victims taken at the hospital where he was confined for treatment of his injuries. Defendant appeals alleging juror bias and misconduct, that the hospital setting made the video taped deposition unduly prejudicial and that the deposition procedure specified in the court rules was not followed. *Held:*

1. The trial judge was in a superior position to observe the demeanor of the juror at voir dire and did not err in denying a new trial based on juror misconduct where the juror affirmed her impartiality in the voir dire examination.

2. The procedures outlined in the court rule regarding video

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury §§ 198, 200, 210.

Relationship of juror to witness in civil case as ground of disqualification. 85 ALR2d 851.

[2] 23 Am Jur 2d, Depositions and Discovery § 59.

Recording of testimony at deposition by other than stenographic means under Rule 30(b)(4) of Federal Rules of Civil Procedure. 16 ALR Fed 969.

Use of videotape to take deposition for presentation at civil trial in state court. 66 ALR3d 637.

tape depositions are to assure the substantive integrity of the depositions; deviations from that procedure do not form a basis for contending prejudicial error in the absence of some allegation challenging that integrity.

Affirmed.

1. JURY—MISCONDUCT OF JUROR—VOIR DIRE EXAMINATION.

A trial judge, who was in a superior position to observe the demeanor of a juror on voir dire, does not err in denying a motion for new trial on the ground of juror misconduct where the juror admitted knowing an investigative officer who would testify at trial and who was formerly employed by and resided at the farm of the juror's parents, and where the juror unequivocally disavowed that such an acquaintance would influence her determination of the case.

2. APPEAL AND ERROR—COURT RULES—DEPOSITIONS—VIDEO TAPE DEPOSITIONS.

The purpose of the court rule outlining procedures to be followed in taking video tape depositions is to assure the substantive integrity of the deposition and deviation from that procedure will not form a basis for contending prejudicial error, absent some allegation challenging that integrity (GCR 1963, 315).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald D. Lostracco,* Prosecuting Attorney, for the people.

*Reid & Reid, P. C.* (by *Joseph D. Reid* and *Lawrence J. Emery),* for defendant.

Before: BASHARA, P. J., and M. J. KELLY and ALLEN, JJ.

PER CURIAM. Defendant appeals his conviction by a jury of first-degree felony murder, MCL 750.316; MSA 28.548, and two counts of assault with intent to murder, MCL 750.83; MSA 28.278. Evidence was introduced by the prosecution to show that the charges arose from the perpetration of a larceny by defendant and his wife.

While stopped at a gas station, defendant's wife

went into the station and took money from the cash register. In their attempt to escape, defendant and his wife were subdued by the station owner. He took them back into the station and telephoned the sheriff's office for assistance.

Other persons had gathered inside the station as a result of the disturbance. Before the sheriff arrived, defendant obtained a gun from his wife. According to the testimony of those in the station, defendant displayed the weapon and threatened to use it if anyone attempted to stop his escape. Unfortunately, someone made such an attempt. The resulting gunfire left one person dead and two others wounded.

Defendant contends that he should not have been bound over for trial because there was insufficient evidence presented at the preliminary examination as to his intent to kill. It is unnecessary to entangle ourselves in the differing perspectives of this Court on the mens rea element of felony murder. We find that the foregoing witness testimony as to defendant's demeanor at the station, which was presented at the preliminary examination, was sufficient to establish the requisite elements of the charge under either *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), or *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). See *People v Paille #2,* 383 Mich 621; 178 NW2d 465 (1970), *People v Carr,* 370 Mich 251; 121 NW2d 449 (1963).

After the selection of the jury, but prior to the presentation of any evidence, defense counsel learned that one of the jurors was acquainted with an investigating officer who was to testify at trial. A voir dire of that juror was held *in camera* with the prosecutor, defendant, and defense counsel present. The juror explained the nature of that

acquaintance and unequivocally disavowed that it would influence her determination of the case. Defense counsel expressed his satisfaction in allowing the juror to continue as a member of the jury.

At the conclusion of the trial the juror greeted the officer in question with an embrace. Thereafter, defendant made a motion for new trial on the grounds of juror misconduct, which was denied. Defendant claims that the motion should have been granted, since his right to a jury trial was prejudiced by the participation of a biased juror.

Claims of juror misconduct or bias are entitled to the strictest scrutiny, because of the significant character of the right to trial by an impartial jury. Even against such a standard, however, we are unable to discern any impairment of this valuable right under the instant circumstances. The testifying officer was formerly employed and resided at the farm of the juror's parents. She saw him only on the occasion of visits to her parents' home. The juror's affirmation of her impartiality leads us to conclude that the trial judge, who was in a superior position to observe her demeanor on voir dire, made a proper ruling. See *United States v Russo,* 480 F2d 1228 (CA 6, 1973), *cert den,* 414 US 1157; 94 S Ct 915; 39 L Ed 2d 109 (1974).

The testimony of one of the assault victims was introduced at trial by means of a video taped deposition taken at the hospital where the witness was confined for treatment of his injuries. Defendant objected to its admission on the grounds that the hospital setting made it unduly prejudicial. The claim of undue prejudice and irregularities in the deposition procedure specified in GCR 1963, 315 are urged on appeal.

Notably, defendant does not contend that the deposition contained inaccuracies or alterations or

that it introduced inadmissible material into evidence. Consequently, we will not find it to be inadmissible merely because the procedures outlined by the court rule were not followed with absolute precision. Those procedures are designed to assure the substantive integrity of the deposition and will not form a basis for contending prejudicial error, absent some allegation challenging that integrity.

Here, the defendant and defense counsel were present at the taking of the deposition. The objections made during the deposition were ruled upon by the trial court, and inadmissible material was excluded. As to the hospital environment, the trial court concluded that any resulting prejudice was significantly outweighed by the substantive value of the testimony and the importance in affording the jury an opportunity to observe the witness's demeanor. We do not find an abuse of discretion in that ruling.

Defendant's remaining contentions warrant no further discussion than to state that they are without merit on the basis of the record presented.

Affirmed.