# Order

**Supreme Court**
**Lansing, Michigan**

September 29, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128250

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellant,

v                                                    SC: 128250
                                                     COA: 251163
                                                     Isabella CC: 03-002188-AR
DAVID JOHN CULHANE,                                  76th DC: 02-1918-FY
            Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the February 3, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., concurs and states as follows:

I concur in denying leave. This Court has consistently held that the credibility of a witness may be considered at a preliminary examination. The magistrate has not only the right but the duty to pass judgment on the credibility of the witness. *People v Paille #2*, 383 Mich 621 (1970).

In this case, defendant indicated that he never had the intent to permanently deprive his girlfriend of the money, and he actually returned the entire sum. The district court judged defendant's credibility and found him credible. The prosecution did not offer evidence to rebut defendant's claimed lack of intent to permanently deprive beyond noting the taking itself. This raises only the inference of guilt and amounts to little more than a scintilla of evidence. Therefore, the trial court based its decision on the only evidence it had, and it did not abuse its discretion in refusing to bind defendant over.

CORRIGAN, J., dissents and states as follows:

I dissent from this denial of leave. I would grant leave to consider Judge Zahra's dissent. The complainant agreed to lend $200 to her boyfriend, defendant. Instead, defendant helped himself to $500, without the complainant's consent for the additional $300. Defendant returned the money about two weeks later, but only after the complainant had notified the police about defendant's behavior. Defendant told her that he took the money so that she would call him.

The district court apparently abused its discretion by refusing to bind over defendant for trial on the charge of larceny in a building under MCL 750.360. While a magistrate may "consider the credibility of witnesses, we have also instructed examining magistrates to not refuse to bind a defendant over for trial when the evidence conflicts or raises reasonable doubt of the defendant's guilt." *People v Yost*, 468 Mich 122, 128 (2003) (citations omitted). See also the very helpful article by Randon and Gardner, *Evaluating witness credibility in preliminary examinations*, 84 Mich Bar J 35, 36 (2005) ("[F]or the purpose of the preliminary examination, testimony should be credited unless it is incredible or implausible as a matter of law.").

Here, a factual question remained regarding whether defendant intended to permanently deprive the complainant of her money. Instead of sending this question to a jury and limiting the inquiry only to the existence of probable cause, the district court apparently abused its discretion by resolving all inferences in favor of defendant. Accordingly, I would grant leave to consider whether to reverse the circuit court order and remand the case to the district court for entry of an order binding defendant over on the charge of larceny in a building, as well as to consider the well-taken points made by Judge Mark A. Randon and Mr. Timothy Gardner, Jr., *supra*, regarding the applicable legal standards.

YOUNG, J., joins the statement of CORRIGAN, J.



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2005

_____
Clerk

d0926