KESSINGER v. KESSINGER.

1. DIVORCE—DE NOVO REVIEW BY SUPREME COURT.
   A suit for divorce is heard by the Supreme Court *de novo* on the record, but the Supreme Court generally gives great weight to the findings of fact by the trial judge.

2. SAME — EXTREME CRUELTY — NONSUPPORT — EVIDENCE — CONDONATION.
   Plaintiff in suit for divorce on grounds of extreme cruelty and nonsupport *held*, entitled to decree on such grounds even on testimony limited to period subsequent to alleged condonation.

3. SAME—ADULTERY—EVIDENCE—OPPORTUNITY.
   Mere proof of opportunity to commit adultery is not sufficient to prove a charge of adultery, either as a bar to relief or as grounds for divorce.

4. SAME—ADULTERY—EVIDENCE.
   Such error as there may have been in the admission of testimony of plaintiff wife in denial of defendant's charge of adultery, upon interrogation by the court, *held*, not so prejudicial to defendant as to entitle him to relief either as an affirmative ground for divorce on his cross bill or in bar of plaintiff's suit based on extreme cruelty and nonsupport (CL 1948, § 551.305).

5. SAME—MARITAL MISCONDUCT—EVIDENCE—STATUTES.
   Depositions taken in Florida on 2 different occasions wherein a third party was specifically named as plaintiff's paramour, contrary to statute relative to proof of marital misconduct, were both properly excluded in wife's suit for divorce, where violation of statute occurred during the taking of the first depositions and the later ones were but a reopening of the earlier ones (CL 1948, § 551.305).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 858.
[2] 17 Am Jur, Divorce and Separation § 437.
[3] 17 Am Jur, Divorce and Separation § 433.
[4] 3 Am Jur, Appeal and Error §§ 1027–1029.
[5] 17 Am Jur, Divorce and Separation § 403.
[6. 7] 17A Am Jur, Divorce and Separation § 926 *et seq.*

6. SAME—PROPERTY ACQUIRED BY HUSBAND AFTER SUIT COMMENCED BY WIFE.

An award to the plaintiff wife in a suit for divorce of an interest in property acquired by defendant husband after suit for divorce had been instituted is not disturbed under record presented.

7. SAME—DIVISION OF PROPERTY—EVIDENCE.

Record in suit for divorce *held*, to support trial judge's finding that defendant husband had an undivided interest, rather than a joint venture or partnership interest, in motel property from which plaintiff wife was properly awarded a 1/3 interest.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 12, 1960. (Docket No. 54, Calendar No. 47,977.)   Decided July 11, 1960.

Bill by Louise N. Kessinger against Clifford D. Kessinger for divorce on grounds of extreme cruelty and nonsupport. Cross bill by defendant for divorce on grounds of extreme cruelty and adultery. Decree for plaintiff. Defendant appeals. Affirmed.

*Piggins, Rehn, Balmer, Grigsby & Skillman* (*James M. Skillman,* of counsel), for plaintiff.

*Fitzgerald, Walker, Conley & Hopping* (*Peter L. LaDuke,* of counsel), for defendant.

SOURIS, J.   A decree of divorce was granted to plaintiff in September of 1958.   Plaintiff alleged as grounds therefor defendant's extreme and repeated cruelty and nonsupport.   Defendant filed a cross bill, and then amended it, likewise alleging cruelty and also alleging adultery as grounds for a divorce in his favor.

Neither the parties (fortunately there were no children born of this union) nor the bar would be benefited by a detailed recitation of the proofs offered by each party in support of the allegations

made. A portion of the trial court's opinion will suffice to indicate the nature of the charges made and proofs offered in this case:

"Having disposed of those preliminary motions, we are concerned now with the grounds for divorce alleged first by the plaintiff in this matter. It is apparent to the court after a careful re-examination of the testimony, and after carefully listening to the testimony of the parties, and all of the sordid details that have been dragged before the court in the hearing on this matter that the plaintiff has established adequate grounds for divorce upon the basis of, first, the conduct of the defendant with reference to the plaintiff after their marriage and throughout their marriage; that the defendant clearly showed himself to be far more interested in protecting his mother than building a home with the plaintiff, his failure to adequately provide for the plaintiff with a home or any real marital basis until long after the beginning of the marriage, his conduct in relation to his living with his mother, purchasing a home for his mother, putting his life insurance in his mother's name, the whole relationship of the defendant toward the plaintiff was certainly one to give the plaintiff, in the opinion of the court, ample justification for the institution of proceedings and for the obtaining of divorce in this matter. In addition, the issuance of a warrant against the plaintiff in Florida for the charge of adultery, the spying upon the plaintiff, the failure to disclose prior marriages, the entire course of conduct of the defendant toward the plaintiff, including or in addition [to] the beatings of the plaintiff, the vile and abusive language toward the plaintiff, are such as to give the plaintiff, in the opinion of the court, ample ground for the awarding of a decree of divorce.

"This is so unless the defense of the defendant, the defense of adultery, is such as to preclude the plaintiff from obtaining such decree of divorce, and the defendant has contended throughout the proceed-

ings that he has proved adultery, and, therefore, the plaintiff is not entitled to any divorce in this matter.

"Michigan Law and Practice has summarized the requirement for adultery in section 67, volume 9, under 'Divorce' page 515, as well as this court can summarize it, after reading many cases in Michigan on the question of adultery. This is what the Michigan Law and Procedure volume says: 'Proof of adultery, however direct, should be scanned very closely when the circumstances are improbable, and unfaithfulness and unchastity should not be inferred from mere lack of refinement if conduct of the accused is not such as to offend the general sentiment of the class of people with whom he or she habitually associates. A charge of adultery must be substantiated by positive testimony, and mere opportunity is insufficient to prove such a charge. That is, adultery must be proven by evidence, and not by scandal.'

"The defense in this case has proved opportunity for adultery. The defense has proved there are circumstances under which adultery could have occurred, but the court has yet to see any substantial evidence or any positive proof of adultery such as to convince this court in the face of the repeated denials of the plaintiff that adultery was proved, and the defendant having chosen to rise or fall upon the question of adultery, the court finds that the defendant has not substantially proved adultery and will grant a decree of divorce for plaintiff in this matter."

The trial court awarded plaintiff wife 1/3 of defendant husband's 1/3 capital stock interest in the Wyoming-Ford Development Company, Inc., 1/3 of defendant's 1/2 undivided interest in the Patrician Motel, and $1,800 as an attorney fee. Defendant was awarded a home in Florida.

On appeal, defendant claims 9 grounds for reversal, included in which are several challenging the trial court's finding of facts. Defendant claims that plaintiff's proofs failed to establish factual grounds entitling her to a divorce; that the trial court erred

in believing the testimony of plaintiff on important fact issues and disbelieving adverse testimony of disinterested witnesses; that the trial court erred in ruling that defendant had not proved plaintiff had committed adultery, thereby barring her from a decree of divorce and entitling defendant to a decree instead.

We have reviewed carefully the lengthy record of the proceedings below. Every finding of fact challenged by defendant was a bitterly disputed issue in the trial court. Under the circumstances, this Court's comment appearing in *Hartka* v. *Hartka,* 346 Mich 453, at page 455, is applicable here:

"This matter being an appeal from a decree of divorce is, of course, heard here on the record *de novo;* but the Court generally gives great weight to the findings of fact of the trial judge.

"The trial court is our arena for the test of truth. There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge. He sees the averted glance, marks the hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive. The cold words on a printed page show none of these essentials to the search for fact. *Donaldson* v. *Donaldson,* 134 Mich 289; *Vollrath* v. *Vollrath,* 163 Mich 301; *Cooper* v. *Cooper,* 345 Mich 44."

Defendant claims that many, but not all, of the grounds for divorce referred to in the trial court's opinion were condoned by plaintiff in 1952. Plaintiff had had prepared for her a bill of complaint for divorce, but before it was filed counsel for both parties assisted them in reconciling their differences. In any event, whether or not this reconciliation constitutes condonation, it is our view that the trial court's findings of sufficient grounds for divorce oc-

curring after 1952 are well supported by the record herein.

The defendant next contends that the trial court erred in interrogating plaintiff concerning defendant's charges of adultery and in believing her denials thereof, which testimony it is contended was received in violation of CL 1948, § 552.40 (Stat Ann 1957 Rev § 25.116),* and CL 1948, § 617.67 (Stat Ann 1959 Cum Supp § 27.916). On the afternoon of the first day of trial, plaintiff testified on direct examination, without objection by defendant's counsel, that she had never committed adultery in Florida. Later in the trial, again without objection by defendant's counsel, plaintiff denied she had committed adultery at any time during her marriage to defendant, in response to interrogation by the trial judge. Whether or not error was committed and whether or not defendant's failure to object at the time of trial constitutes waiver thereof, need not be decided in view of the nature and extent of the defendant's witnesses' testimony relating to plaintiff's alleged adultery. No direct evidence of adultery was offered, although the record contains testimony of frequent opportunities therefor. The trial judge apparently believed such testimony, his opinion indicating as much, but he concluded (and we agree) that mere proof of opportunity to commit adultery is not sufficient to prove a charge of adultery, either as a bar to relief or as grounds for divorce. If error were committed in the admission of plaintiff's denials, we find it was not prejudicial to defendant entitling him to the relief for which he prays.

In July of 1957, prior to trial, testimony of several witnesses was taken by deposition in Florida by defendant. Plaintiff was not present when the testimony was first taken and, although there is on file

* Amended by PA 1959, No 121 (Stat Ann 1959 Cum Supp § 25-.116), in pertinent part.

a proof of service of notice of the taking of said depositions, plaintiff contends she received no notice thereof. Subsequently, in December of 1957, the depositions were reopened by oral stipulation for the purpose of permitting plaintiff's counsel to cross-examine 2 of the witnesses who had earlier testified in Florida for the defendant. The depositions contain testimony identifying by name plaintiff's alleged paramour, and the trial judge excluded them at the trial on the strength of CL 1948, §§ 551.304, 551.305, and 551.307 (Stat Ann 1957 Rev §§ 25.194, 25.195, and 25.197). The identity of the person alleged to have engaged in marital misconduct with plaintiff was first elicited from the witnesses in July when their testimony was taken in the absence of plaintiff's counsel. Clearly, a violation of CL 1948, § 551.-305 (Stat Ann 1957 Rev § 25.195),* then occurred. Defendant argues, however, that the testimony taken by deposition in December should have been admitted and considered by the trial court because plaintiff noticed the taking of the depositions and thereby made the witnesses her own, thus making inappli-

---

* CL 1948, § 551.305 (Stat Ann 1957 Rev § 25.195), in pertinent part, provides:

"It shall be unlawful for any witness, including a party who may be a witness, testifying on behalf of the party asserting misconduct by the adverse party, either in court or by deposition, to name or identify any third person charged as co-respondent or as participant in marital misconduct of such adverse party: Provided, That if the court in the exercise of a sound discretion shall so order, and such naming or identifying is made upon cross-examination by counsel for the party alleged to be guilty of misconduct, and in answer to questions specifically requiring identification, the provisions of this section shall not apply. The discretion vested in the court by this section shall be exercised in such manner as to avoid injustice to litigants, while at the same time avoiding so far as possible the public revelation of the name or identity of such third person, and to this end the court may, in all such cases, impound pleadings or other documents in the case and hear such testimony in chambers. This section shall not be construed to change the grounds for divorce or impair the substantive rights of parties in any such cases, but to regulate pleading, practice and testimony therein so as to eliminate extortion and public scandal."

cable the statute quoted in the margin because the testimony given in December was not given by a "witness * * * testifying on behalf of the party asserting misconduct by the adverse party." We cannot agree with this contention. The excluded depositions are part of the original record on appeal and have been carefully examined by the Court. At the commencement of the deposition proceedings in December, plaintiff's counsel, with apparent concurrence by defendant's Florida counsel, stated for the record that the proceedings that day consisted of a reopening of the July depositions, that the reopening of said depositions resulted from plaintiff's claim that she had not received notice that they were going to be taken, and that at a hearing on a motion to quash said depositions counsel had orally stipulated to reopen the depositions for cross-examination by plaintiff. Defendant's Florida counsel agreed and noted his right to subject the witnesses to redirect examination at the conclusion of plaintiff's cross-examination. It is our conclusion that the depositions taken in July and December of 1957 in Florida were all of the same cloth, subject to the bar of the statute quoted above in the margin, and were properly excluded by the trial judge.

Defendant attacks the property award made to plaintiff by the trial court. He suggests that the court had no right to award plaintiff any interest in property acquired by defendant after suit for divorce was instituted. He cites no authority for his contention, nor is there any such authority. With reference to the award to plaintiff of an undivided interest in the Patrician Motel, defendant claims that the motel was a joint venture or partnership between the added defendants and himself, but cites us to no evidence in the record that a partnership existed. The record discloses sufficient evidence that plaintiff possessed an undivided interest in the motel prop-

erty, as the trial judge affirmatively found, from which undivided interest the award to plaintiff was made.

None of the remaining contentions urged upon us by defendant has merit. Accordingly, the decree of the trial court is affirmed, with costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.