DeKuyper *v.* DeKuyper.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—PARTIES—JURISDICTION.

The *ex parte* order of the circuit judge in a suit for separate maintenance, purporting to make a bank where husband had funds on deposit, a party to the suit and ordering it to show cause why an injunction should not issue to restrain it from transferring from its possession or custody money and shares of its capital stock belonging to husband, did not, without more, subject the bank to the court's jurisdiction.

2. COURTS—JURISDICTION—SERVICE OF PROCESS.

Service of process must be made upon a person in order to subject such person to the jurisdiction of a court.

3. INJUNCTION—PARTIES—SEPARATE MAINTENANCE.

No binding injunction or order can be entered against a bank in a suit for separate maintenance, where plaintiff has not followed the proper practice for adding a new party.

4. SAME—AIDING IN VIOLATION.

Bank upon which was served copy of injunction wife had obtained against husband, defendant in suit for separate maintenance, wherein he was enjoined from transferring his stock and cash, was not free to aid him in any transfer in violation of terms of the injunction lest it be placed in peril of contempt proceedings even though the injunction was not binding upon it (CL 1948, § 552.302).

Appeal from Oakland; Beer (William John), J. Submitted October 13, 1961. (Docket No. 75, Calendar No. 49,032.) Decided March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 42 Am Jur, Process § 4.
[3] 39 Am Jur, Parties § 84 *et seq.*
[4] 12 Am Jur, Contempt § 26.

Bill by Sandra DeKuyper against John Edward Nichols DeKuyper for separate maintenance. National Bank of Detroit, a Federal banking association, was added as party defendant without amendment to bill of complaint and was ordered to pay certain sums to plaintiff, which order the bank appeals. Reversed.

*Arthur H. Rice* (*Piggins, Balmer, Grigsby, Skillman & Erickson,* of counsel), for plaintiff.

*Henry F. Massnick,* for defendant National Bank of Detroit.

Souris, J. In September of 1960, the plaintiff started separate maintenance proceedings[1] in Oakland county against her husband, a nonresident of Michigan. Substituted service by publication[2] was authorized by court order and publication had commenced, but had not been completed, at the time of occurrence of the events affecting appellant National Bank of Detroit.

On October 28, 1960, plaintiff moved the court to add the bank as a party defendant and to enjoin it from transferring from its possession or custody money and shares of its capital stock belonging to Mr. DeKuyper. Plaintiff planted her right to the injunction on an allegation that the bank was conspiring with her husband and his mother to conceal and transfer fraudulently his assets and claimed that it was necessary to add the bank as a party defendant in order to subject it to the court's injunctive process.

On the day the motion was filed, and apparently without notice to the bank, an order was entered

[1] PA 1889, No 243 (CL 1948, § 552.301 *et seq.* [Stat Ann 1957 Rev § 25.211 *et seq.*]).
[2] CL 1948, § 552.302 (Stat Ann 1957 Rev § 25.212).

purporting to make it a party defendant, ordering it to show cause why an injunction as prayed for by plaintiff should not issue and restraining it in the interim from doing the acts sought by plaintiff to be enjoined. Following the hearing on the order to show cause, an injunction was issued prohibiting the bank from transferring the stock certificates or any other assets of the defendant husband except the sum of $2,485.92 which the bank was ordered to pay to Mrs. DeKuyper. This appeal by the bank followed.

Appellant contended below and contends here, that the bill of complaint was never amended by the plaintiff to allege a cause of action against it; that it was never served with summons; that it has not voluntarily entered its appearance in this case; and that, consequently, the chancellor was without jurisdiction to issue an injunction or any other order against it which would dispose finally of the rights of the bank with reference to the $2,485.92 it was ordered to pay directly to Mrs. DeKuyper.

Plaintiff's counsel responds to this contention by citing decisions of this Court and of others in divorce and separate maintenance cases where the rights of third parties have been determined in the process of adjudicating disputes between the principal parties. Typical of such cases relied upon by plaintiff's counsel are *Kessinger* v. *Kessinger,* 360 Mich 528, and *Brown* v. *Brown,* 335 Mich 511. This response, although properly reflecting the law of this State, misses the thrust of the bank's attack upon the validity of the chancellor's injunction and order for the payment of funds,—that is, that no such injunction or order may be entered against it until it has been *properly* made a party to this suit.

The *ex parte* order of the chancellor adding the bank as a party defendant did not, without more, subject the bank to the court's jurisdiction. The bill

of complaint should have been amended to allege the facts relied upon by plaintiff to support the relief she claims against the bank and the bank should have been served with summons. As this Court said in 1924, "We know of no method of subjecting a party to the jurisdiction of a court, except by the issuance and service of process." *People, ex rel. Attorney General*, v. *Detroit Mortgage Corp.*, 228 Mich 91, at p 93. For plaintiff's failure to follow the proper practice for adding a new party, no binding injunction or order can be entered against the bank. See, also, *In re Wiley*, 205 Mich 464.

What has been said above does not mean that the bank is free to transfer Mr. DeKuyper's stock and cash, for at commencement of this suit DeKuyper was enjoined from so doing by injunction, a copy of which was served upon the bank. That injunction was directed against DeKuyper and not the bank, but notice of its terms by service thereof upon the bank placed the bank at the peril of contempt proceedings if it aided DeKuyper in violation of its provisions. This procedure is entirely consistent with chancery practice generally and is expressly authorized by section 2 of PA 1889, No 243 (CL 1948, § 552.302 [Stat Ann 1957 Rev § 25.212]).

Reversed. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.