## JANE CLANCY *v.* JAMES M. CLANCY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 90719
AT NEW HAVEN

Memorandum filed June 15, 1965

*James O'Connor Shea,* of New Haven, for the plaintiff.

*William L. Hadden, Sr.,* of New Haven, for Frank M. Clancy, trustee.

MacDONALD, J. The principal question to be determined here is whether this court can hold in contempt Frank M. Clancy, as trustee for the defendant, James Michael Clancy, and admittedly not a party to this action, for failing and refusing to comply with a judgment of this court entered June 14, 1960, and modified March 18, 1965, ordering the payment of certain sums to plaintiff as alimony and support for the five minor children of the parties out of assets of the defendant held in trust for him by said Frank M. Clancy as trustee.

It appears from the stipulation of facts dated May 26, 1965, from an examination of the trust agreement dated August 13, 1958, as amended, attached thereto, and from the judgment entered herein June 14, 1960, as modified March 18, 1965, that the facts are as follows:

1. Under a trust agreement dated August 13, 1958, and amended June 13, 1960, the defendant, James Michael Clancy, transferred all or most of his assets, including his interest in the partnership known as Edward Clancy Insurance Company and his interest in a six-family tenement block located at 29-31 Burke Street in Ansonia, to Frank M. Clancy, in trust for the payment of support to defendant's wife and five children.

2. On June 21, 1960, a judgment of legal separation was entered by this court in favor of the plaintiff, awarding her custody of the five minor children of the parties and ordering said Frank M. Clancy, as trustee, to pay in behalf of the defendant, James Michael Clancy, out of the trust, "reasonable alimony and support to the plaintiff, Jane M. Clancy, in accordance with the terms of said trust agreement, but not less than $30 a month as support for each of the five minor children and $50 a month

plus the net rentals from property at 29-31 Burke Street, Ansonia, as alimony until further order of this Court."

3. A copy of this judgment and order was served upon said Frank M. Clancy, trustee, and he had notice and knowledge of said decree and order.

4. From the entry of said judgment until November, 1964, said trustee made the regular payments of $200 per month, plus net rentals from the Burke Street property, to plaintiff for alimony and support, as ordered.

5. By order entered by this court on March 18, 1965, so much of the order as read "plus the net rentals from property at 29-31 Burke Street, Ansonia," was modified to read "plus $125.00 a month from the proceeds received from the sale of the property at 29-31 Burke Street, Ansonia." Otherwise, said order has remained in full force and effect.

6. Since November, 1964, neither the defendant, James Michael Clancy, nor his trustee, Frank M. Clancy, has paid the monthly sums so ordered and they have neglected and refused to make such payments.

Upon the motion of the plaintiff, the defendant, James Michael Clancy, and Frank M. Clancy, trustee as aforesaid, were summoned to appear before this court to show cause why they should not be adjudged in contempt. On the appointed day, Frank M. Clancy, trustee, appeared by his counsel and, by agreement, the question of law as to whether or not he could be held in contempt was submitted to the court upon a stipulation of facts and briefs.

It is the contention of his counsel that Frank M. Clancy, trustee, was not and is not a party to this

action, that his only notice of the proceedings was of the court's order, that his rights, duties and obligations as trustee are expressed in the written trust agreement, as amended, and that this court has no jurisdiction over him and, in effect, no power to interfere with or modify the terms of agreement.

Of course, it is true, as pointed out in plaintiff's brief, that under § 46-21 of the General Statutes this court "may assign to any woman divorced by such court, a part of the estate of her husband and . . . may order alimony to be paid from her husband's income"; under § 46-26 it may "make and enforce such decree against either or both of them [parents] for the maintenance of such child as it considers just"; and, under § 46-29, in the case of legal separations the court "shall have the same power in all matters relating to temporary and permanent orders for alimony, custody and support of children." Unquestionably, the court had jurisdiction over the assets and income of the defendant, James Michael Clancy, and it had the power to make orders with respect thereto, regardless of whether or not it had jurisdiction over the individual administering these assets as trusts for the defendant. As stated in Restatement, 1 Trusts 2d § 199, comment f: "if the proceeding is a proceeding quasi in rem, the court must have jurisdiction over the trust property to be affected by its judgment, but there need be no jurisdiction over the trustee personally, although he must be given reasonable notice and an opportunity to be heard." See also Restatement, Judgments §§ 3, 32, 75. Here, Frank M. Clancy, trustee under a voluntary inter vivos declaration of trust, was placed in charge of most of the defendant's assets less than a year before plaintiff's action for a legal separation was instituted against the defendant. He admittedly had notice and knowledge of the decree ordering payments to plaintiff and, in

fact, made payments, as ordered, through November, 1964. He had actual notice of the hearing on these proceedings to hold him in contempt and was well represented by counsel, so that he "had an opportunity to be heard."

The law is clear that a person may be bound by the terms of an injunction, even though not a party to the action, if he has notice or knowledge of the order and is within the class of persons whose conduct is entitled to be restrained or who acts in concert with such person. See 28 Am. Jur., Injunctions, § 297; note, 15 A.L.R. 386.

A very comprehensive and fairly recent discussion of this problem is found in the decision of the United States Circuit Court of Appeals for the first circuit in *United Pharmacal Corporation* v. *United States,* 306 F.2d 515 (1962), in which Chief Judge Woodbury pointed out that the pertinent question is whether the person accused of contempt aided or abetted the one actually enjoined in violating the injunction or was legally identified with him. As stated by the court, in citing a leading opinion by Judge Learned Hand: "But the question is not what Metabolic and United had been doing. Their past contractual relationship is not controlling. The question is whether United and its officers aided and abetted Metabolic in violating the preliminary injunction for, as the late Judge Learned Hand pointed out in Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 833 (C.A. 2, 1930): '. . . the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant [i.e. the person enjoined], or must be legally identified with him.' Wherefore,

as Judge Hand went on to point out, if the person enjoined is not involved in the contempt, an employee, and by the same token one in active concert or participation, cannot be either, because the decree has not been violated. The reason for this is clear: '. . . for it is not the act described which the decree may forbid, but only that act when the defendant does it.' " See also *Reich* v. *United States,* 239 F.2d 134 (1st Cir. 1956), cert. denied, 352 U.S. 1004 (1957), pointing out that the holding in contempt of one who acted in concert and participation with the enjoined defendant in violating the order of the court did not deny him due process of law.

An extensive collection of authorities supports the following summary of the applicable law, appearing at 97 A.L.R.2d 490, 491: "It is well established . . . that a nonparty comes within the designation of persons 'in active concert or participation' with parties, if, while engaging in the prohibited act, he aids and abets, or is legally identified in interest with, an enjoined defendant, who likewise engages in the enjoined act. Within the practical meaning of the rule in this situation, the nonparty person and the party simply violate the injunction together as a matter of common interest, purpose or design, or enterprise, to such an extent that the nonparty is in effect an extension, cat's-paw, or alter ego of the party to the suit, this specific kind of relationship between the nonparty and the party defendant, as the principal actor, being a requisite condition of establishing the nonparty as one in active concert or participation. All the cases stated throughout the annotation recognize the general tenor of this proposition." See *Doyne* v. *Saettele,* 112 F.2d 155 (8th Cir. 1940); *United States* v. *American Optical Co.,* 97 F. Sup. 66 (N.D. Ill. 1951); *Chanel Industries, Inc.* v. *Pierre Marche, Inc.,* 199 F. Sup. 748 (E.D. Mo. 1961).

Frank M. Clancy, as trustee of the principal assets of the defendant, James Michael Clancy, was clearly within the class of persons whose conduct was affected by the court order. He was specifically mentioned in the order, had notice and actual knowledge thereof, and was "in active concert or participation" with the defendant when he took it upon himself to terminate the support and alimony payments he had been ordered to make. He is, therefore, found to be in contempt of court to the extent that such payments as could have been made out of the trust have not been made. He may purge himself of this contempt by filing with the court, within fifteen days after notice to his counsel of this decision, a brief statement of account showing (1) current assets of the trust; (2) income of the trust since October, 1964; (3) payments made to plaintiff (with receipts therefor) of all amounts ordered by the judgment of this court, as modified, to the date of said account, to the extent that the income and assets, respectively, were sufficient to make such payments.

No finding is made at this time as to whether or not the defendant, James Michael Clancy, is in contempt of court.