[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 10, 1996 CT Page 1267-AAAA
The parties in this matter were divorced after an uncontested hearing on August 11, 1994. The matter before this court is a motion to dismiss a contempt citation issued by the plaintiff's attorney and seeking a contempt finding against an attorney who represented the defendant, not in this dissolution matter but in a workers' compensation matter that was pending at the same time. The contempt alleged is the disbursement of certain proceeds of that workers' compensation claim to the defendant.
The alleged contempt arises out of a pendente lite order issued on May 10, 1994 (Jones, J.), apparently in response to plaintiff's motion for a restraining order regarding workers' compensation benefits payable to the defendant. That order read as follows:
 That, in the event a lump sum payment is made to the defendant by Workers' Compensation, payment shall be held by (the) attorney for the claimant, until further order of this Court.
 Further, counsel shall notify both (claimant's attorney) and the Assistant Attorney General of this order by letter.
There is no question but that the claimant's attorney, who is the subject of this contempt proceeding, received notice of this order by way of a copy of a letter sent to the defendant on May 10, 1994 by plaintiff's attorney.[1]
Although the court heard no evidence on this matter, it would appear from the representations of counsel for the plaintiff and from an accounting provided by the defendant's workers' compensation attorney that from the time of the court's order of May 10, 1994 until October 1994 the defendant's workers' CT Page 1268 compensation attorney disbursed to him weekly checks representing periodic payments on his workers' compensation claim. It also appears that these disbursements ceased when the defendant's workers' compensation attorney received notice of the orders entered by the court at the time the parties' marriage was dissolved.
Those orders provided, inter alia, as follows:
 . . . (A)ll control, monies, right, title and interest in a certain workers' compensation claim for permanent partial disability claim (sic) pending in the Connecticut Third District Workers' Compensation Office . . . is assigned to the plaintiff, Elizabeth M. Young as settlement of all property claims. The value of this claim is estimated at a gross minimum of $19,374.16 . . .[2] (Emphasis in original.)
On July 25, 1995 the plaintiff filed a motion for contempt, seeking sanctions against the defendant's workers' compensation attorney for his alleged failure to turn over to the plaintiff all the monies received by him after May 10, 1994 from the workers' compensation claim of the defendant. On August 11, 1995 the defendant's worker's compensation attorney, through counsel, moved to dismiss the plaintiff's contempt proceedings against him on the grounds that he is "a non-party to this action and does not represent either party in this action," and alleging that the court "thus lacks personal jurisdiction over" the attorney. The resolution of this motion to dismiss is the only matter before this court.
It may seem self-evident that an attorney who is the subject of a court order, as was the attorney in this case, must obey it or be subject to the penalties of contempt. As the Supreme Court said in Cologne v. Westfarms Associates, 197 Conn. 141, 148
(1985):
 We emphasize again that the court orders must be obeyed; there is no privilege to disobey a court's order because the alleged contemnor believes that it is invalid. Particularly is this true of attorneys. We agree with the United States Court of Appeals for the Ninth Circuit when it said: "All attorney who believes a court CT Page 1269 order is erroneous is not relieved of the duty to obey it. The proper course of action unless and until the order is invalidated by an appellate court, is to comply and cite the order as reversible error should an adverse judgment result . . ." Chapman v. Pacific Telephone and Telegraph Co., 613 F.2d 193, 197 (9th Cir. 1979) . . . (Citations omitted.)
In the same Cologne opinion, however, the court made clear that the duty to obey court orders applies to orders issued by courts with jurisdiction over the subject matter and the person.Cologne v. Westfarm Assoc., id., 147. Therefore, a court must be careful not to extend the reach of its contempt power to cases where it lacks jurisdiction over subject matter or person, and the claim in this case is that the court lacked personal jurisdiction over the attorney to whom the order of May 10, 1994 was issued.
Nevertheless, this court believes that there are several bases on which contempt jurisdiction over this attorney may be grounded.
"At common law an injunction decree bound not only the parties defendant `but also those identified with them in interest, in `privity' with them, represented by them or subject to their control.' Regal Knitwear Company v. National LaborRelations Board, 324 U.S. 9, 14 . . . (1945); Dalton v. Meister,267 N.W.2d 326 (1978)." DeMartino v. Monroe Little League, Inc.,192 Conn. 271, 276-77 (1984). See also Channell v. AppliedResearch, Inc., 472 So.2d 1260 (Fla.App., Fourth Dist. (1985). See generally 17 Am.Jur. 2nd, §§ 62, 63, 133, 134 (1990); Annot., Violation of State Court Order by One Other than Party as Contempt, 7 A.L.R. 4th 893 (1978). A person, even though not named in an injunction, may be liable for violations of it, if he acts in concert with the party named in the injunction. Daltonv. Meister, supra, 331.
"The question of whether a nonparty is sufficiently identified in interest with a party to the decree or is acting in concert or aiding or abetting a party to the decree is a question of fact to be determined by the court." Id. In this case, whether or not the attorney named in the court's order was sufficiently identified with the defendant-husband or acting in concert or aiding or abetting him in using the proceeds of his CT Page 1270 workers' compensation claim is a matter of fact to be decided after an evidentiary hearing. This court cannot speculate as to the outcome of such a hearing, but the law is clear that, should the court hearing evidence conclude that the attorney was sufficiently identified with his client, under his direction and control and/or acting in concert with his client, a finding of contempt might lie.
Moreover, there is no question but that the court could have restrained the defendant from using any of the proceeds of his workers' compensation claim during the pendency of the dissolution action. Instead, the court chose to issue the same order to the defendant's attorney, perhaps because the defendant, himself, was a non-resident, who never personally appeared to defend the dissolution action. In a proceeding seeking contempt for violation of an injunction Judge Learned Hand said: "Thus, the only occasion when a person not a party may be punished is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party." Alemite Mfg. Corp. v.Staff, 42 F.2d 832, 833 (2d Cir. 1930), cited with approval inDeMartino v. Monroe Little League, Inc., supra, 277.
The closest case to the present fact situation which this court has found in Connecticut is Clancy v. Clancy, 26 Conn. Sup. 46
(1965). In that case the court held in contempt the defendant-husband's trustee, who was not a party to the dissolution action, for failing to comply with a judgment of the court ordering the payment of alimony and support out of the assets of the defendant held in trust for him by the trustee. The specific contention of the trustee-attorney was that the court had no jurisdiction over him since he was not a party to the action. Id., 46-47. Citing the analysis of Judge Hand quoted above, the court found that "Frank M. Clancy, as trustee of the principal assets of the defendant, James Michael Clancy, was clearly within the class of persons whose conduct was affected by the court order. He was specifically mentioned in the order, had notice and actual knowledge thereof, and was `in active concert or participation' with the defendant when he took it upon himself to terminate the support and alimony payments he had been ordered to make. He is, therefore, found to be in contempt of court . . ." Id., 52. See also DeKuyper v. DeKuyper, 113 N.W.2d 804, 806 (Mich. 1962).
Based on evidence presented at a hearing on the plaintiff's contempt motion in this case, the court might come to a similar CT Page 1271 conclusion with regard to the attorney who is the subject of the court's order. Therefore, this court cannot say that there is no basis upon which jurisdiction might be exercised over him.
Finally, it is clear from the Supreme Court's decision inHodge v. Hodge, 178 Conn. 308, 312-13 (1979), that dissolution actions are actions "quasi in rem." It is also clear that where a restraining order or an injunction operates not only in personam against specific parties but also in rem against specific property or its use, the order binds not only the parties to the action but those who had the opportunity or ability to use the property in contravention of the decree or order. See generally 17 Am.Jur. 2nd, Contempt § 135 (1990). See also Securitiesand Exchange Commission v. Wencke, 622 F.2d 1363, 1369-71 (1980);U.S. v. Hall, 472 F.2d 261, 265-66 (1972); State v. Porter,
91 P. 1073, 1074 (1907).
In this case the only significant marital asset of the parties was the defendant's workers' compensation claim. Clearly, the court hearing the dissolution matter had the authority to restrain its use pending a final judgment of dissolution. Clancyv. Clancy, supra, 49. This the court was attempting to do by way of its order of May 10, 1994. The court's authority over the marital property in this quasi in rem action provides another basis of jurisdiction over the defendant's attorney.
"[T]he power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute . . ." Pasquariello v. Pasquariello, 168 Conn. 579,585 (1975). "Our cases have recognized that the special concerns that arise in the context of family cases may sometimes justify a departure from the rules that ordinarily apply to other civil disputes." Mulholland v. Mulholland, 229 Conn. 643, 650
(1994). In this case the court, in order to preserve the parties' principal, if not only marital asset, sought to do so by restraining the attorney of a non-resident party from disbursing the workers' compensation proceeds that would come into his possession in his capacity as that party's attorney. In effect, the court sought to make him "a stakeholder of funds against which conflicting claims are outstanding." State v. Angelo,39 Conn. App. 709, 713 (1995). The bases of jurisdiction cited above gave the court ample authority to do so and provided a CT Page 1272 jurisdictional basis upon which a contempt finding might be made if the attorney did, in fact, willfully violate the order.
This court wishes to emphasize that nothing said herein indicates any view on the merits of the plaintiff's contempt motion. Whether or not the order was sufficiently unambiguous, whether or not the attorney's actions constituted a violation of the order, whether or not the attorney's violation, if any, was willful — all of these are questions which will have to be resolved after a hearing on the plaintiff's contempt motion. This court's decision is limited to the establishment of a jurisdictional basis for such a hearing.
The motion to dismiss the plaintiff's contempt citation is denied, and the matter is returned to the Superior Court for the Judicial District of New Haven for a hearing on the plaintiff's motion.
SHORTALL, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]